**UNITED STATES of America**

v.

**Jose Enamorado CUESTA.**

**Crim. No. 100–61.**

United States District Court
D. Puerto Rico,
San Juan Division.

Sept. 5, 1962.

---

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Lino J. Saldaña, San Juan, P. R., Abraham Diaz Gonzalez, Santurce, P. R., for defendant.

RUIZ–NAZARIO, District Judge.

The defendant Jose Enamorado Cuesta has been charged by the Grand Jury of this District with contempt of Congress. The indictment alleges in substance that the Committee was duly authorized by Congress to conduct certain inquiries, including the following: "entry and dissemination in Puerto Rico of foreign Communist Party propaganda; receipt of information relating to persons engaged in foreign travel; the extent, character and objects of Communist infiltration and Communist Party propaganda activities in Puerto Rico; and, the execution by the administrative agencies concerned of all laws and regulations relating to the Internal Security Act, 50 U.S.C.A. § 781 et seq., the Communist Control Act, 50 U.S.C.A. § 841 et seq., the Foreign Agents Registration Act, 22 U.S.C.A. § 611 et seq., Passport Regulations, and all other laws the subject matter of which is within the jurisdiction of the Committee;" that defendant was duly summoned, did appear before a duly appointed subcommittee, and willfully refused to answer certain questions, pertinent to the subject then under inquiry by the said subcommittee. Four questions and refusals to answer are stated in the indictment, each constituting a separate count of the indictment.

Defendant has moved to dismiss the indictment on several grounds; the first four of which are bottomed on an alleged lack of authorization by the House to its Committee on Un-American Activities to sit in Puerto Rico and conduct any investigation therein.

The legislation under which the House Committee on Un-American Activities operates is Public Law 601, 79th Congress (1946) Chapter 753, 2d Session, 60 Stat. 812, which provides:

"PART 2—RULES OF THE HOUSE OF REPRESENTATIVES

\*    \*    \*    \*    \*

"RULE X

"[Sec. 121] STANDING COMMITTEES

\*    \*    \*    \*    \*

"17. Committee on Un-American Activities, to consist of nine Members. \* \* \*

"RULE XI
"POWERS AND DUTIES OF
COMMITTEES

\*       \*       \*       \*       \*

"(q)   (1)   Committee on Un-American Activities.

"(A) Un-American activities.

"(2) The Committee on Un-American Activities, as a whole or by subcommittee, is authorized to make from time to time investigations of (i) the extent, character, and objects of un-American propaganda activities in the United States, (ii) the diffusion within the United States of subversive and un-American propaganda that is instigated from foreign countries or of a domestic origin and attacks the principle of the form of government as guaranteed by our Constitution, and (iii) all other questions in relation thereto that would aid Congress in any necessary remedial legislation.

"The Committee on Un-American Activities shall report to the House (or to the Clerk of the House if the House is not in session) the results of any such investigation, together with such recommendations as it deems advisable.

"For the purpose of any such investigation, the Committee on Un-American Activities, or any subcommittee thereof, is authorized to sit and act at such times and places *within the United States,* whether or not the House is sitting, has recessed, or has adjourned, to hold such hearings, to require the attendance of such witnesses and the production of such books, papers, and documents, and to take such testimony, as it deems necessary. Subpenas may be issued under the signature of the chairman of the committee or any subcommittee, or by any member designated by any such chairman, and may be served by any person designated by any such chairman or member." (Italics supplied).

Rule X of the House, House Resolution 7, January 7, 1959, provides as follows:

"Rule X

"STANDING COMMITTEES

"1.  There shall be elected by the House, at the commencement of each Congress,

\*       \*       \*       \*       \*       \*

"(q) Committee on Un-American Activities, to consist of nine Members.

\*       \*       \*       \*       \*       \*

"Rule XI

"POWERS AND DUTIES OF COMMITTEES

\*       \*       \*       \*       \*       \*

"18.  Committee on Un-American Activities.

"(a) Un-American activities.

"(b) The Committee on Un-American Activities, as a whole or by subcommittee, is authorized to make from time to time investigations of (1) the extent, character, and objects of un-American propaganda activities in the United States, (2) the diffusion within the United States of subversive and un-American propaganda that is instigated from foreign countries or of a domestic origin and attacks the principle of the form of government as guaranteed by our Constitution, and (3) all other questions in relation thereto that would aid Congress in any necessary remedial legislation.

"The Committee on Un-American Activities shall report to the House (or to the Clerk of the House if the House is not in session) the results of any such investigation, together with such recommendations as it deems advisable.

"For the purpose of any such investigation, the Committee on Un-American Activities, or any subcommittee thereof, is authorized to sit and act at such times and places *within the United States,* whether

or not the House is sitting, has recessed, or has adjourned, to hold such hearings, to require the attendance of such witnesses and the production of such books, papers, and documents, and to take such testimony, as it deems necessary. Subpenas may be issued under the signature of the chairman of the committee or any subcommittee, or by any member designated by any such chairman, and may be served by any person designated by any such chairman or member." (Italics supplied).

The position of defendant is, that under both the Act of Congress and the House Rule, investigations by the Committee are limited to the States of the Union by the express terms of the Act and Resolution, and that if it had been the intention of the Congress to authorize investigations outside of the States of the Union, it would have used appropriate words to do so, as it always has in the past. The following examples clearly show the practice of Congress in this field of legislation:

### 82nd CONGRESS
### First Session 1951

1. H.Res. 80 authorized the *Committee on Public Lands* to investigate and sit or act "within the United States, its territories and possessions". Vol. 97, Part 1, Congressional Record, P. 884.

2. H.Res. 116 authorized the *Committee on Interstate and Foreign Commerce* to make investigations and sit or act *"within the United States"*. A remark was made by a representative that this Committee may later find it necessary to go into Canada. However, it was stated that the power to do so should be one specially delegated by a further resolution. Vol. 97, Part 2, Congressional Record, Page 1945.

3. H.Res. 73 which sets up the *Committee on Education and Labor* confines its operation as follows: *"within the United States, its territories and possessions"*. Vol. 97, Part 2, Congressional Record, Page 1681.

4. H.Res. 95 authorized the *Committee on the Judiciary* to sit and act as follows: *"within the United States, its territories and possessions"*. Vol. 97, Part 2, Congressional Record, Page 2033.

5. H.Res. 158 granted authority to the *Committee on Public Works* to investigate and sit or act as follows: *"within the United States, its territories and possessions and the dominion of Canada"*. Vol. 97, Part 4, Congressional Record, Page 5547.

### 83rd CONGRESS
### First Session 1953

1. H.Res. 91 authorized the *Committee on Ways and Means* " * * * to sit and act during the present Congress at such times and places, *within Continental United States, its territories and possessions, as the* Committee may determine * * *." Vol. 99, Part 1, Congressional Record, Page 1367.

2. H.Res. 109, establishing the authority of the *Committee of Interior and Insular Affairs*, provided as follows: "the Committee, or any sub-committee thereof, is authorized to sit and act during the present Congress at such times and places *within the United States, its territories, possessions and the trust territory of the Pacific Islands"*. An amendment was offered and accepted "because of an error, and because of the fact that Puerto Rico has been given different status by the Congress, * * * to insert the words 'Puerto Rico' after the word 'possessions'". Vol. 99, Part 2, Congressional Record, Page 1645.

3. H.Res. 115 authorized the *Committee on Education and Labor* to conduct certain studies and investigations and " * * * to sit and act during the present Congress at such times and places within the United States, its territories and possessions, as the Committee may determine. * * *" Vol. 99, Part 1, Congressional Record, Page 1369.

### 84th CONGRESS
### First Session 1955

1. H.Res. 30 authorized the *Committee on Interior and Insular Affairs* to sit

*"within the United States, its territories, possessions, Puerto Rico, and the trust territory of the Pacific Islands"*. Vol. 101, Part 1, Congressional Record, Page 1115.

2. H.Res. 118 authorized the *Committee on Merchant Marine and Fisheries* to investigate various matters within its jurisdiction. It granted authority to sit *"within the United States, its territories and possessions"*. Vol. 101, Part 6, Congressional Record, Page 8364.

3. H.Res. 144 authorized the *Committee on Public Works* to investigate various matters within its jurisdiction in Alaska, Hawaii, *Puerto Rico*, Mexico and the Central American Countries, and the Continental United States. It authorized the Committee to sit *"within the United States, its territories and possessions."* Vol. 101, Part 7, Congressional Record, Page 9125.

4. H.Res. 203 empowers the *Committee on Banking and Currency* to investigate matters in the field of housing. It granted authority to sit *"within the United States, its territories and possessions and the Commonwealth of Puerto Rico."* Vol. 101, Part 6, Congressional Record, Page 7392.

5. H.Res. 316, amending H.Res. 154, authorized the *Committee on Education and Labor* to investigate matters relating to employee welfare and other matters. Originally, in H.Res. 154, it was only authorized to sit "within the United States". This was changed by H.Res. 316 to read *"within the United States, its territories and possessions and the Commonwealth of Puerto Rico"*. Vol. 101, Part 9, Congressional Record, Page 11844.

### 85th CONGRESS
### First Session 1957

1. H.Res. 64 authorized the *Committee on Veteran Affairs* to sit and act "within the United States, its territories and possessions". Vol. 103, Part 2, Congressional Record, Page 1554.

2. H.Res. 94 authorized the *Committee on Interior and Insular Affairs* to sit and act "within the United States, its territories and possessions, *Puerto Rico*, and the trust territory of the Pacific Islands". Vol. 103, Part 2, Congressional Record, Page 1557.

3. H.Res. 104 grants authority to the *Committee on Ways and Means* to "sit and act during the present Congress at such times and places within the Continental United States, its territories and possessions", as the Committee may determine. Vol. 103, Part 2, Congressional Record, Page 1554.

4. H.Res. 168 gives authority to the *Committee on Education and Labor* to sit and act "within the United States, its territory and possessions". Vol. 103, Part 2, Congressional Record, Page 2810.

### 86th CONGRESS
### First Session 1959

1. H.Res. 81 authorized the *Committee on Banking and Currency* to sit and act *"within the United States, including any territory, commonwealth or possession thereof"*. By a committee amendment it was agreed to strike out "including any territory, commonwealth or possession thereof", apparently because the matters to investigate did not require the committee to go outside the Continental United States. Vol. 105, Part 1, Congressional Record, Page 1208.

2. H.Res. 133 authorized the *Committee on Science and Astronautics* to study aeronautics and other scientific research in outer space *"within or without the United States; including any territory, commonwealth or possession thereof"*. A committee amendment was made to strike out "or without, including any territory, commonwealth or possession thereof", apparently to confine the committee's activities to Continental United States. Vol. 105, Part 1, Congressional Record, Page 1209.

3. H.Res. 91 authorized the *Committee on Public Works* to make investigations only in the Continental United States on public works projects. Nevertheless, it authorized the Committee to sit and act *"in the United States."* Vol.

105, Part 1, Congressional Record, Page 1402.

4. H.Res. 105 authorized the *Committee on Merchant Marine and Fisheries* to investigate and sit or act "within the United States, its possessions, and territories of Hawaii, the *Commonwealth of Puerto Rico* and the Canal Zone." Vol. 105, Part 1, Congressional Record, Page 1403.

5. H.Res. 130 authorized the *Committee on Interior and Insular Affairs* to sit and act *"within the United States, its territories and possessions, Puerto Rico, the Trust Territories of the Pacific Islands and the Pacific Flag areas of the United States"*. Vol. 105, Part 1, Congressional Record, Page 1404.

■ I am well aware that the term "United States" may be used in any one of several senses as stated by Chief Justice Stone in Hooven & Allison Co. v. Evatt, 324 U.S. 652, at page 671, 65 S.Ct. 870, 89 L.Ed. 1252. However, the long list of Resolutions cited above show clearly that the Congress, in approving legislation authorizing investigation by its committees, uses the term United States in the last, or geographical sense, described by Chief Justice Stone.

■ Nor am I impressed by H.Res. 137, January 26, 1959 for payment of expenses for employment of experts, special counsel, investigators and clerical help incurred *outside the Continental limits of the United States*, urged by the government as a reaffirmance of the Committee's authority to sit and investigate in Puerto Rico. Indeed, if it shows anything, it shows a recognition by the House that the Committee's charter,

House Resolution No. 7 of January 7, 1959, Rule XI, under which the committee sat in Puerto Rico, was infirm in that it did not authorize any hearings or investigations "outside the Continental limits of the United States".*

■ In Watkins v. United States, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273, the Court laid down the rule governing the situation at bar as follows:

"An essential premise in this situation is that the House or Senate shall have instructed the committee members on what they are to do with the power delegated to them. It is the responsibility of the Congress, in the first instance, to insure that compulsory process is used only in furtherance of a legislative purpose. That requires that the instructions to an investigating committee *spell out that group's jurisdiction* and purpose with *sufficient particularity*. Those instructions are embodied in the authorizing resolution. That document is the committee's charter".

Here, in spelling out the Committee's jurisdiction, it would have been simple enough,** for the House to include the territories, and dependencies of the United States, as it has done in countless other resolutions. It did not see fit to do so, and I must hold that the Sub-committee of the Committee on Un-American Activities sat without jurisdiction when it interrogated the defendant.

The Indictment must, therefore, be, and hereby is, dismissed.

For the reasons stated in this order, the indictments in Criminal Cases 101–61 to 111–61 are hereby dismissed.

---

* I must make it clear at this point, that this has nothing to do with the sovereign power and right of the Houses of Congress to conduct investigations in Puerto Rico as anywhere else in the nation, through their *properly authorized* committees, of anything which will afford them light in their legitimate legislative tasks.

** It does not appear from the record that the House was ever afforded an opportunity to consider defendant's memorandum respecting the lack of jurisdiction of the Committee in connection with the request of the Committee that the witnesses be cited for contempt, or at any other time.